# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MARK W. DOBRONSKI**,

    Plaintiff,

v.

**GUARDIAN TAX NETWORK, INC.**,
*et al.*,

    Defendants.

Case No. **4:23-cv-10119-SDK-KGA**

Honorable Shalina D. Kumar
United States District Judge

Honorable Kimberly G. Altman
United States Magistrate Judge

_____

## PLAINTIFF'S OBJECTION TO DEFENDANT GUARDIAN TAX NETWORK INC.'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

Plaintiff Mark W. Dobronski, appearing *in propria persona*, hereby objects to the Motion to Set Aside Entry of Default by Guardian Tax Network, Inc. [ECF No. 20] ("Motion").

Plaintiff has not been served with a copy of the Motion. Accordingly, Plaintiff is unable to respond to the Motion, and the Motion should be dismissed.

WHEREFORE, for the foregoing reasons and for the reasons set forth in the attached brief, the Motion [ECF No. 20] should be dismissed.

## CONCISE STATEMENT OF ISSUES PRESENTED

Whether Defendant's Motion should be dismissed where Defendant has failed to serve a copy of the Motion upon Plaintiff such that Plaintiff can respond?

    Plaintiff says:    YES.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Griffin v. Kyle*, No. 2:10-cv-664, 2011 WL 2885007, at *3 (S.D. Ohio July 15, 2011)

*Pullins v. Eldridge*, No. 1:20-cv-01311, 2021 WL 3860298, at *1 (S.D. Ind. Aug. 27, 2021)

Fed. R. Civ. P. 5(b)(2)

## BRIEF

Plaintiff filed his Complaint on January 17, 2023 against Defendants Guardian Tax Network Inc. ("Guardian"), Ovation Tax Group LLC ("Ovation"), Alexander John Rovsek ("Rovsek"), Sabrina Nichole Marinez ("Marinez"), and Katelyn Rose Post ("Post") alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227, et seq., the Michigan Telephone Companies as Common Carriers Act ("MTCCCA"), M.C.L. 484.101, et seq., and the Michigan Home Solicitation Sales Act ("MHSSA"), M.C.L. 445.101, et seq., stemming from a series of 28 recorded message telephone solicitations received by Plaintiff between June 28, 2022 and November 14, 2022.

Apparently, none of the Defendants have taken this matter seriously, as each of the Defendants has failed to answer or respond to the Complaint and entries of default have been entered against each defendant. [ECF No. 11, ECF No. 12, ECF No. 13, ECF No. 18, and ECF No. 19]. Of specific relevance to this Motion, Clerk's Entry of Default as to Guardian was entered on March 1, 2023. [ECF No. 12].

Now, some six weeks later, on April 28, 2023, Guardian (only) has filed a Moiton to Set Set Aside Clerks Entry of Default by Guardian Tax Network Inc. [ECF No. 20] ("Motion").

However, Guardian did not serve Plaintiff with a copy of its Motion so that

4

Plaintiff may respond. Plaintiff only learned that the Motion had been filed after being contacted on May 16, 2023 by "new" counsel for Defendant Guardian Tax Network, Inc. ("Guardian") who called to introduce himself and indicated to Plaintiff that he will be filing an appearance and replacing Eric J. Troutman ("Troutman") as attorney of record shortly once the Clerk of the Court has completed his attorney admission. Apparently, per "new" counsel, Guardian was wholly dissatisfied with the legal representation being provided by Troutman and Guardian had now retained new counsel and would be terminating and substituting out Troutman.[1] [2]

Since Plaintiff was unaware that Troutman had entered an appearance, this caused Plaintiff to review the Court's PACER system. Upon review, Plaintiff learned that on April 28, 2023, Defendant had filed its Motion [ECF No. 20]; and, further, that on May 4, 2023, Troutman had filed an appearance [ECF No. 21].

Pursuant to E.D. Mich. LR 7.1(e)(1)(A), "Responses to all motions, except

---

[1] The fact that Troutman might be representing Guardian came as no surprise to Plaintiff, as Troutman had previously telephoned Plaintiff to advise that he was going to represent Guardian to inquire if Plaintiff was willing to set aside the default entered against Guardian. However, heard nothing further from Troutman and no motion was served upon Plaintiff, leading Plaintiff to believe that Troutman ended up not representing Guardian.

[2] Plaintiff will note that this is the second case he has had wherein Troutman was defense counsel. In the prior case, similarly, the defendant terminated Troutman during the course of the case due to dissatisfaction with Troutman's legal representation.

those listed in subparagraph 2(A) below, must be filed within 14 days after service of the motion." However, as noted, Plaintiff has not been served with the Motion.

Plaintiff does not want the Court to consider Plaintiff's alleged non-response to serve as the basis for this Court granting the Motion.

Fed. R. Civ. P. 5(b)(2) promulgates:

> "(2) Service in General. A paper is served under this rule by:
>
> (A) handing it to the person;
>
> (B) leaving it:
>
> (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>
> (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
>
> (C) mailing it to the person's last known address--in which event service is complete upon mailing;
>
> (D) leaving it with the court clerk if the person has no known address;
>
> (E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing--in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or

6

> (F) delivering it by any other means that the person consented to in writing--in which event service is complete when the person making service delivers it to the agency designated to make delivery."

Plaintiff is appearing *pro se*. Plaintiff is not an authorized filing user of the Court's CM/ECF system. And, Plaintiff has not consented in writing to receiving filings via other electronic or any other means. Pursuant to the Electronic Filing Policies and Procedures for the Eastern District of Michigan, Rule 9(e):

> "A party who is pro se and not a filing user... is entitled to a hard copy of any paper filed electronically. Service of such copy must be made according to the federal rules of procedure (civil and criminal) and local rules."

Given the fact that Plaintiff was not served with the motion, the motion should be denied. See *Griffin v. Kyle*, No. 2:10-cv-664, 2011 WL 2885007, at *3 (S.D. Ohio July 15, 2011) (finding that "it is not appropriate to rule on a motion which has not been served on the opposing party" and recommending denying defendant's motion for summary judgment), report and recommendation adopted by 2011 WL 3667401 (S.D. Ohio Aug. 22, 2011); *Pullins v. Eldridge*, No. 1:20-cv-01311, 2021 WL 3860298, at *1 (S.D. Ind. Aug. 27, 2021) (denying motions to dismiss where defendants failed to serve motions on pro se plaintiff who was "not a registered user on the Court's electronic filing system"); *Bey v. Ally Bank*, Civ. Action. No. 1:21-01079, 2021 WL 4891602, at *1–2 (W.D. Tenn. Sept. 28, 2021) (recommending

7

denying plaintiff's motion for entry of default where defendants electronically filed motion to dismiss but failed to serve motion on pro se plaintiff who was not registered to receive service of electronic filings), report and recommendation adopted by 2021 WL 4888331 (W.D. Tenn. Oct. 19, 2021).

Plaintiff believes that the failure to serve was deliberate. The Court should order Guardian's counsel to show cause why sanctions should not be imposed against Guardian's counsel, pursuant to E.D. Mich. LR 11.1, for the abusive practice.

WHEREFORE, for the foregoing reasons, Guardian's Motion to Set Aside Clerks Entry of Default by Guardian Tax Network Inc. [ECF No. 20] should be **denied**, and to impose an appropriate sanction against Guardian's counsel.

Respectfully submitted,

Date: May 18, 2023

_____
Mark W. Dobronski
Post Office Box 85547
Westland, Michigan 48185-0547
(734) 330-9671
markdobronski@yahoo.com
Plaintiff *In Propria Persona*

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 18, 2023**, I caused copies of the foregoing *Plaintiff's Objection to Defendant Guardian Tax Network Inc.'s Motion to Set Aside Clerk's Entry of Default* to be served upon all parties and/or attorneys of record to the above-captioned cause herein by sending same in a sealed envelope, with first-class postage fully prepared thereupon, and deposited in the United States Mail, addressed as follows:

>Irina Kashcheyava
>Foley and Lardner
>500 Woodward Avenue, Suite 2700
>Detroit, Michigan 48226-3489

_____
Mark W. Dobronski